UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN R. BEARD, | ) | Case No.: 5:13 CV 1704 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

The Acting Commissioner of Social Security ("Commissioner") denied disability benefits to the claimant, Jonathan R. Beard ("Beard" or "Plaintiff"), in the above-captioned case. Beard sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Burke for preparation of a Report and Recommendation ("R&R"). Both parties submitted briefs on the merits. Plaintiff requested an order reversing the Administrative Law Judge's ("ALJ") decision or, in the alternative, remanding the case. Plaintiff argued, among other things, that the ALJ's finding that Plaintiff is not disabled was not based on substantial evidence. (Pl.'s Br. on the Merits, ECF No. 15.) The Commissioner sought final judgment upholding the decision below.

Magistrate Judge Burke submitted her R&R (ECF No. 19) on May 6, 2014, recommending that the court affirm the decision of the ALJ. The Magistrate Judge concluded that, while the ALJ did not identify or discuss Listing 12.05(C), which relates to intellectual disability or mental retardation, the ALJ considered and discussed all of the evidence in a fashion that was "sufficient

to allow for meaningful review of the Commissioner's decision that Beard did not meet a Listing, including Listing 12.05C." (R&R at 22.) She determined that the ALJ adequately specified his reasons for denying Plaintiff a listing-level impairment and that the ALJ's decision was supported by substantial evidence. (*Id.* at 21-29.) Furthermore, the Magistrate Judge found that the ALJ's Residual Functional Capacity ("RFC") determination was supported by substantial evidence. (*Id.* at 29-33.)

Plaintiff filed objections to the R&R on May 19, 2014. (ECF No. 20.) Plaintiff only objects to the Magistrate Judge's findings with respect to the denial of a listing-level impairment, and does not object to the Magistrate Judge's RFC determination. Plaintiff's objections essentially repeat the arguments advanced in his Brief on the Merits. Defendant did not object to the R&R, but responded to Plaintiff's objections on June 2, 2014. (ECF No. 21.)

Plaintiff claims that the ALJ did not adequately specify his reasons for denying him a listing-level impairment and that he meets the requirements of Listing 12.05(C). In reaching this determination, the ALJ invalidated Plaintiff's IQ score because a neurologist categorized Plaintiff's mental status as normal, Plaintiff was able to maintain work in the past, and Plaintiff's daily activities contradicted an IQ score of 65. However, Plaintiff argues that the ALJ's reasons were insufficient because the test administrator gave no indication that the results were invalid, and Plaintiff believes strong evidence supported his limitations and history of intellectual disabilities. Plaintiff cites *Brown v. Secretary of Health & Human Services*, 948 F.2d 268, 270 (6th Cir. 1991), for the proposition that individuals determined to be mildly mentally retarded "can live successfully in the community," and, therefore, it was improper for the ALJ to invalidate his IQ score based on his daily activities. However, as pointed out by the Magistrate Judge, "'[t]he regulations do not limit the question of validity [of an IQ score] to test results alone in isolation from other factors. In

assessing the validity of a claimant's I.Q., [i]nformation from both medical and nonmedical sources may be used . . . ." *Id.* at 269 (internal quotation marks omitted). The Magistrate Judge determined that the facts present in *Brown* were distinguishable from the instant case, finding that the ALJ in the instant case considered a wider variety of factors in invalidating Plaintiff's IQ score than the ALJ considered in *Brown*. Despite Plaintiff's disagreement with the Magistrate Judge's finding that the ALJ did not improperly invalidate his IQ score, Plaintiff has not demonstrated that the Magistrate Judge's determination was clearly erroneous or contrary to law.

Plaintiff next claims that the ALJ did not assess his deficits in adaptive functioning prior to age 22 and, therefore, the Magistrate Judge incorrectly found that substantial evidence supported the ALJ's conclusion that he had not demonstrated such deficits. However, the Magistrate Judge pointed out that even if Plaintiff possessed a valid IQ score, which is required to qualify for a 12.05(C) listing, the ALJ considered the entire record, including evidence concerning adaptive functioning prior to age 22, and adequately articulated why he found that Beard did not meet his burden in this regard. Other than his disagreement with the ALJ's conclusion drawn from the evidence, Plaintiff advances no reasons why the Magistrate Judge's opinion is clearly erroneous or contrary to law.

The court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 19). The court hereby affirms the Commissioner's final decision

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 27, 2014